## FOURTH DEPARTMENT, MAY, 1937.
### (May 5, 1937.)

FANNIE PAWLUK, Respondent, *v.* DIMITAR WELICHKOFF and Another, as Administrators, etc. of PETER GENOFF, Deceased, Appellants.

PER CURIAM. Plaintiff sued upon three counts: (1) For wages for 157 weeks at $10 a week, amounting to $1,570; (2) extra services at $7 a week for 108 weeks of practical nursing of decedent during various illnesses, amounting to $756; and (3) money expended, after decedent's death, in the payment of various bills and $30 sent to decedent's son in Germany, amounting to $181.78; in all the sum of $2,507.78. The answer, in addition to a general denial, sets up two counter-claims: (1) For $557, insurance on decedent's life, collected by plaintiff through her fraudulent representation that she was the wife of decedent, and (2) for $127 worth of decedent's furniture carried away and converted by plaintiff after decedent's death. The verdict was: "$2,000 for the plaintiff and plaintiff to retain the furniture and the insurance." The trial court made an order that the verdict should be set aside unless plaintiff stipulated to reduce the verdict to $1,500. The plaintiff made that stipulation and entered judgment for $1,500 and costs. The appeal is from that judgment. On the record in this case, there is no possibility of reaching a verdict of either $2,000 or $1,500 by any logical method. A few things stand out very clearly in the record. They are as follows: (1) The plaintiff did considerable work for the decedent. (2) Only 151 weeks of her services were performed before his death. She is claiming for six weeks of services performed after his death. (3) Plaintiff committed a gross fraud in obtaining

the $557 of life insurance. (4) She converted $127 worth of decedent's furniture. (5) It is at least very doubtful if she spent any of her own money for the benefit of decedent's estate after his death. On the whole, and on the present record, we think that substantial justice would be done if the verdict were for $826, arrived at as follows: Wages for 151 weeks at $10 a week, $1,510; less life insurance money collected, $557; less also value of furniture converted, $127, $684; balance due plaintiff, $826. If plaintiff is not satisfied to reduce her verdict to that amount she may have a new trial.

All concur, except Lewis, J., who dissents and votes for reversal and for granting a new trial; Thompson, J., having been present at the argument of said appeal, but having died on the 7th day of April, 1937, without having taken any part in the determination of this appeal. Present — Sears, P. J., Crosby, Lewis and Cunningham, JJ.

Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $826, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified is, together with the order, affirmed, without costs of this appeal to either party.